IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

GLENN ALVIN MILLER,
          Plaintiff,

v.

                                                      Civil Case No. 3:17-cv-371-JAG

DEPT. OF VETERAN AFFAIRS,
HUNTER HOLMES MCGUIRE
MEDICAL CENTER,
          Defendant.

## OPINION

The pro se plaintiff, Glenn Miller, filed a complaint under the Federal Tort Claims Act ("FTCA"),[1] alleging that staff at the Hunter Holmes McGuire Medical Center ("VAMC") negligently punctured his heart while implanting a defibrillator.[2] The defendant has moved to dismiss, or in the alternative, for summary judgment. Essentially, the defendant argues that Miller has not identified an expert witness to support his claim as required by Virginia law. VAMC points out that federal law requires Miller to comply with Virginia's negligence rules; otherwise, this Court lacks jurisdiction over his case. Because the Court lacks subject matter jurisdiction, the Court grants the defendant's motion to dismiss. The Court, however, will allow

---

[1] The plaintiff refers to one section of the FTCA in his complaint, which allows citizens to file personal injury claims against the government in federal court only after the appropriate federal agency has issued a final denial of that same claim. 28 U.S.C. § 2675(a). Based on this citation and the nature of the plaintiff's claims, the Court assumes that the plaintiff meant to sue under the FTCA. *See Creekmore v. United States*, No. 2:08-cv-235, 2008 WL 11346470, at *2 (E.D. Va. June 23, 2008) (noting that to sue the United States for medical malpractice, a plaintiff "must proceed under the limited waiver of sovereign immunity embodied in the [FTCA]").

[2] The plaintiff sued the Department of Veteran Affairs, but only the United States, not any agency thereof, is a permissible defendant under the FTCA. *Iodice v. United States*, 289 F.3d 270, 273 n.1 (4th Cir. 2002). The Court presumes that the plaintiff meant to sue the United States.

Miller to obtain the required expert opinion and amend his complaint certifying that he has done so.

## I. BACKGROUND

After experiencing two cardiac arrests, Miller underwent surgery at VAMC on July 16, 2015 to implant a defibrillator. During the surgery, as VAMC staff inserted the defibrillator "lead," the lead punctured Miller's heart. (Compl., at 6.) The puncture caused heavy bleeding, and the doctors rushed him into emergency open-heart surgery. Fortunately, VAMC staff repaired the puncture to Miller's heart and stopped the bleeding. The puncture, however, caused Miller a prolonged recovery, as well as work- and family-related stress.

Miller filed his complaint under the FTCA, claiming that VAMC staff acted negligently in implanting his defibrillator, and requesting $2.5 million in damages. The defendant moved to dismiss, or in the alternative, for summary judgment.[3]

## II. DISCUSSION[4]

As the government, the United States enjoys sovereign immunity unless it consents to a suit. *United States v. Sherwood*, 312 U.S. 584, 586 (1941). "[T]he terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *Id.* Courts should "strictly

---

[3] The defendant properly filed a notice pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), and Local Rule 7(K), notifying the pro se plaintiff of his deadline to respond to the motion to dismiss. After the plaintiff's time to respond lapsed, the Court entered four separate orders extending the plaintiff's deadline and directing him to respond to the motion to dismiss. The defendant, however, still has not responded to the defendant's motion, and this alone is grounds for dismissal. *James v. United States*, No. 3:14-cv-827, 2016 WL 1060251, at *1 (E.D. Va. Mar. 10, 2016), *aff'd*, 670 F. App'x 773 (4th Cir. 2016). Instead, the plaintiff submitted two motions for submission of evidence, which do not address the defendant's motion. Nevertheless, the Court will turn to the substance of the motion to dismiss.

[4] The defendant's motion cites Federal Rule of Civil Procedure 12(b)(6), but the defendant's memorandum in support only addresses Rule 12(b)(1). The Court therefore considers this a motion to dismiss pursuant to Rule 12(b)(1), which tests the court's subject matter jurisdiction. The plaintiff bears the burden of proving proper subject matter jurisdiction as the party asserting jurisdiction. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).

construe[]" alleged waivers of sovereign immunity "in favor of the sovereign." *Lane v. Pena*, 518 U.S. 187, 192 (1996).

When the United States does waive its sovereign immunity, plaintiffs "must comply with the terms and conditions of the waiver or their suits are barred." *James v. United States*, 143 F. Supp. 3d 392, 396 (E.D. Va. 2015). Through the FTCA, the United States waived sovereign immunity for certain personal injury claims. *Id.* Specifically, a plaintiff may bring tort claims against the United States only when "a private person[] would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Thus, state law determines the federal government's liability under the FTCA. *Baxter v. United States*, No. 1:15-cv-633, 2016 WL 3618363, at *3 (E.D. Va. July 6, 2016). In this case, the relevant act or omission occurred in Virginia, so the law of Virginia, and specifically the Virginia Medical Malpractice Act ("VMMA"), governs liability. *Sowers v. United States*, 141 F. Supp. 3d 471, 476-477 (E.D. Va. 2015).

The VMMA says that to file a medical malpractice action in Virginia, a plaintiff must obtain an expert opinion stating that his medical care "deviated from the applicable standard of care and the deviation was a proximate cause of the injuries claimed." Va. Code Ann. § 8.01-20.1. If a plaintiff does not obtain such an expert opinion prior to serving process on the defendant, the Court may dismiss the case. *Parker v. United States*, 475 F. Supp. 2d 594, 596 (E.D. Va. 2007), *aff'd*, 251 F. App'x 818 (4th Cir. 2007). Furthermore, a defendant may request a certification form affirming that the plaintiff obtained the necessary expert opinion before serving his complaint, and the plaintiff must fulfill the request within ten business days. Va. Code Ann. § 8.01-20.1.

The statute does not require expert certification when "the alleged act of negligence clearly lies within the range of the jury's common knowledge and experience." Va. Code Ann. § 8.01-20.1. This exception, however, only applies in "rare instances," because normally the facts in a medical malpractice claim require more than common knowledge and experience to understand. *Parker*, 475 F. Supp. 2d at 597 (citing *Beverly Enterprises-Virginia v. Nichols*, 441 S.E.2d 1, 3 (1994)). More often than not, a plaintiff's claim rests on professional medical judgment, so the lawsuit requires expert testimony to resolve it. *Id.*

In this case, the complaint does not indicate that Miller obtained an expert opinion in compliance with the VMMA. After Miller served the complaint, and pursuant to the VMMA, the defendant sent written notice to Miller on July 6, 2017, requesting a certification form for his expert opinion.[5] According to the defendant, the parties remained in contact for two weeks, and Miller seemed to say he would provide the expert certification. Miller instead sent medical records to the defendant, which did not include an expert certification. The Court and the defendant to date have not received a written expert certification from the plaintiff. The VMMA provided Miller with ten business days to comply with the defendant's request; those ten business days have elapsed many times over. Va. Code Ann. § 8.01-20.1.

This case does not qualify as one of the "rare instances" requiring no expert certification. *Parker*, 475 F. Supp. 2d at 597. Miller alleges that VAMC doctors negligently implanted a defibrillator in his body. Laymen do not know the correct procedures and standard of care for

---

[5] In evaluating a 12(b)(6) motion, courts typically focus only on the complaint, documents attached to the complaint, and documents explicitly incorporated into the complaint by reference. *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016). In appropriate cases, however, courts may also consider documents the movant submitted if the documents are integral to the complaint and indisputably authentic. *Id.*; *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396 (4th Cir. 2006). The Court thus considers the defendant's July 6, 2017 letter to the plaintiff, as it is integral to his compliance with Virginia law, a necessary component of his FTCA claim.

4

such a surgery from their "common knowledge and experience," and clearly would require professional medical judgment to decide the case. *Id.*

In sum, the United States waived sovereign immunity under the FTCA only to the extent a tort claim could advance under applicable state law. Virginia law requires a plaintiff in a medical malpractice suit to obtain an expert opinion prior to serving the defendant, and Miller has not certified that he obtained such an opinion. Because the United States retains its sovereign immunity, the Court does not have subject matter jurisdiction over this case. The Court therefore grants the defendant's motion to dismiss. Nevertheless, the Court will allow the plaintiff thirty days to amend his complaint to certify that he has obtained an expert opinion.

### III. CONCLUSION

For the reasons stated above, the Court grants the defendant's motion to dismiss, but allows the plaintiff thirty days to obtain an expert opinion to comply with the VMMA, and amend his complaint accordingly.

The Court will enter an appropriate order.

Let the Clerk send a copy of this Opinion to all counsel of record and to the pro se plaintiff.

Date: February 5, 2018

/s/ John A. Gibney, Jr.
United States District Judge